Filed 5/1/26  P. v. McFarlane CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B342466 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA160992) |
| v. | |
| DAVION MCFARLANE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Abzug and Stephen A. Marcus, Judges. Affirmed.

Jordan Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted defendant and appellant Davion McFarlane (defendant) of four counts of attempted willful, deliberate, and premeditated murder, one count of conspiracy to commit murder, and one count of possession of a firearm by a felon. The convictions were based on evidence that defendant, the passenger in a Lexus automobile driven by another man, fired multiple gunshots at another car occupied by four people. The trial court sentenced defendant to 25 years to life in prison: 25 years to life on the conspiracy count, concurrent terms of seven years to life on each of the attempted murder counts, and a concurrent term of two years on the firearm count.

Defendant noticed an appeal from the judgment, and this Court appointed counsel to represent him. After examining the record, defendant's attorney filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that raises no issues and asks us to independently review the record. This court thereafter invited defendant to personally file a supplemental brief, and he submitted a one-paragraph letter arguing there was "no real fatal evidence" at his trial because no victims identified him as the shooter, his face was not visible on video footage of the suspected perpetrator of the crimes, and he was wearing different clothes than the suspected perpetrator was seen wearing when defendant was taken into custody.

Defendant's contentions fail under the governing substantial evidence standard of review. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681 ["Findings of fact are reviewed under a 'substantial evidence' standard. [Citation.] The standard is deferential: 'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court

2

begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . .'"].) There was sufficient evidence presented at trial, including police officer identifications of defendant, testimony regarding the circumstances of defendant's arrest, and a recording of defendant's phone call while in custody, to support the jury's determination that defendant was the person who committed the charged crimes.

Having considered defendant's supplemental brief and conducted our own examination of the record, we are satisfied defendant's appellate attorney has complied with his responsibilities and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende, supra*, 25 Cal.3d at 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

KIM (D.), J.